THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CRIMINAL CASE NO. 1:13-cr-00010-MR-DLH

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| | ) | |
| vs. | ) | **O R D E R** |
| | ) | |
| | ) | |
| **THOMAS EUGENE DAVIS, JR..** | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court upon the Defendant's "Notice of Appeal of Detention Order from Magistrate Judge Motion to Amend Detention Order and Request for Hearing" [Doc. 10].

## I.    PROCEDURAL BACKGROUND

On February 5, 2013, the Defendant was charged in a Bill of Indictment with possession of a firearm from which the manufacturer's serial number had been removed, altered, and obliterated, in violation of 18 U.S.C. § 922(k).  [Doc. 1].  The Defendant's arraignment was held before the Honorable Dennis L. Howell, United States Magistrate Judge, on February 14, 2013, at which time the Government requested detention, and a detention hearing was held.

After reviewing the evidence presented by the parties, and the arguments of counsel, Judge Howell found that there was clear and convincing evidence that the release of the Defendant would create a serious risk of harm or danger to the safety of another person or the community. He further found, by a preponderance of the evidence, that the release of the Defendant would create a risk of flight. Accordingly, Judge Howell ordered the Defendant to be detained pending trial. [Order of Detention, Doc. 6; Addendum to Detention Order, Doc. 9]. This appeal followed.

## II.  STANDARD OF REVIEW

Title 18 of the United States Code, section 3145, governs the review and appeal of detention orders. This statute provides, in pertinent part, as follows:

> If a person is ordered detained by a magistrate judge, . . . the person may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the order. The motion shall be determined promptly.

18 U.S.C. § 3145(b). In reviewing a motion to revoke or amend an order of detention, the Court reviews the Magistrate Judge's Order de novo. United States v. Stewart, 19 F. App'x 46, 48 (4th Cir. 2001). In so doing, the Court "must make an independent determination of the proper pretrial detention or

conditions of release." Id. Even though Defendant's counsel has denominated his motions as a "Notice of Appeal," the Court will treat it as a motion to revoke or amend pursuant to §3145(b).

III. **ANALYSIS**

Section 3142 of Title 18 of the United States Code provides that if, after holding a hearing, the Court finds that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community," the Court shall order the detention of the person pending trial. 18 U.S.C. § 3142(e)(1).

In determining whether detention pending trial is appropriate, the Court must consider the following factors:

> (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;
>
> (2) the weight of the evidence against the person;
>
> (3) the history and characteristics of the person, including –
>
>> (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal

> history, and record concerning appearance at court proceedings; and
>
> (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
>
> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release . . . .

18 U.S.C. § 3142(g).

Upon reviewing the evidence presented at the detention hearing, the Court agrees with the Magistrate Judge's factual findings and with his legal conclusion that detention is warranted in this case. First, the nature and circumstances of the offense charged involve a firearm. The Defendant is alleged to have possessed a firearm from which the serial numbers had been removed. The nature and circumstances of the Defendant's offense therefore weighs in favor of detention. See 18 U.S.C. § 3142(g)(1).

Moreover, the weight of the evidence against the Defendant appears to be compelling. The Defendant was observed in the early morning hours of November 4, 2012, sitting in a vehicle in a parking lot of a nightclub smoking marijuana and engaging in what appeared to be a possible drug transaction. Upon approaching the vehicle, the arresting officer observed a

4

bag of crack cocaine in the Defendant's lap and a handgun in his possession. The weight of the evidence against the Defendant is a factor that weighs in favor of detention. See 18 U.S.C. § 3142(g)(2).

The evidence presented at the detention hearing indicates that the Defendant is a lifelong resident of Buncombe County. The Defendant is currently disabled and is not employed. While he has no prior felony convictions, he has eleven misdemeanor convictions for such offenses as possession of marijuana, resisting a public officer, second degree trespass, and assault inflicting public injury. He has been banned from public housing. Overall, the history and characteristics of the Defendant weigh in favor of detention. See 18 U.S.C. § 3142(g)(3)(A).

Further, the Defendant's criminal record indicates that on six occasions the Defendant has failed to appear for various criminal charges in state court. The Defendant argues that he missed these court appearances due to "intensive medical treatment" for an injury he sustained after being hit by a car. [Doc. 10 at 2]. By the Defendant's own admissions, however, the accident occurred in April 2008, and the court appearances which he missed occurred nearly two years later while he was receiving outpatient treatment. [See id.]. The Defendant, therefore, has failed to provide a sufficient explanation for these missed court appearances. The Defendant's

failure to appear for prior court appearances is a factor which weighs heavily in favor of detention. See 18 U.S.C. § 3142(g)(3)(A).

At the time of the offense, it does not appear that the Defendant was on probation, on parole, or on other type of pretrial release. The Defendant was initially charged with state law violations following his November 4, 2012 arrest; only later was he indicted for the present federal charge. By the time of the Defendant's arrest for the federal charge, the Defendant had been released on terms and condition of pretrial release in regard to the state charges stemming from his November 4, 2012 arrest. Since the filing of this federal action, however, these state charges have been dismissed. Accordingly, this factor does not weigh heavily in favor of detention. See 18 U.S.C. § 3142(g)(3)(B).

Finally, the Defendant's criminal record shows that he has eleven (11) prior misdemeanor convictions, many of which involved controlled substances and crimes of violence. At the time of the alleged commission of the present offense, the Defendant was found in the parking lot of a nightclub with crack cocaine and a firearm in his possession. These circumstances demonstrate by clear and convincing evidence that the Defendant would create a serious risk of harm to other persons or the community if released. See 18 U.S.C. § 3142(g)(4).

Having conducted an independent review of the FTR recording of the detention hearing, the Order of Detention, and the Addendum to the Order of Detention, and having considered the arguments of counsel, the Court concludes that the Magistrate Judge carefully considered each factor set forth in 18 U.S.C. § 3142(g) and properly concluded that there are no conditions or combination of conditions of release that will reasonably assure the appearance of the Defendant as required and the safety of other persons and the community. Accordingly, the Magistrate Judge's Order of Detention is affirmed.

## O R D E R

**IT IS, THEREFORE, ORDERED** that the Defendant's Appeal of the Detention Order [Doc. 10], which the Court construes as a Motion to Revoke or Amend pursuant to 18 U.S.C. §3145(b), is **DENIED**, and the Order of Detention [Docs. 6, 9] is hereby **AFFIRMED**.

**IT IS SO ORDERED.**

Signed: March 12, 2013

Martin Reidinger
United States District Judge